# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SHAVONTAE DANIELS,**

      **Plaintiff,**

    v.                                            **Case No. 18-CV-751**

**JOHN/JANE DOE,**

      **Defendant.**

-----------------

**SHAVONTAE DANIELS,**

      **Plaintiff,**

    v.                                            **Case No. 18-CV-775**

**CRYSTAL MARCHANT,**
**BRIAN FOSTER, AND JOHN/JANE DOE,**

      **Defendants.**

---

## ORDER

---

Plaintiff Shavontae Daniels, a state prisoner who is representing himself, filed case 18-CV-751 under 42 U.S.C. § 1983 alleging that unknown defendants at Waupun

Correctional Institution violated his constitutional rights by stealing his medication. Daniels subsequently filed another lawsuit, 18-CV-775, again alleging that someone at Waupun stole his medication. Allen then filed a motion to file an amended complaint in 18-CV-775. Upon reviewing the proposed amended complaint and the complaint in 18-CV-751, the court found that the proposed amended complaint was nearly identical to the complaint in 18-CV-751. It issued an order asking Daniels to explain how he wanted to proceed. Though Daniels maintains that the two are different complaints, he is fine with going forward with just one case if both incidents are included. Proceeding with the amended complaint in 18-CV-775 achieves this, so the court will dismiss case 18-CV-751 and grant Daniels's motion to amend the complaint in 18-CV-775. The amended complaint in 18-CV-775 will be the operative complaint, encompassing the allegations in both cases.

In addition to screening the complaint, the court will also grant Daniels's motion to proceed without prepaying the filing fee. The court has jurisdiction to resolve Daniels's motion and to screen the amended complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On June 13, 2018, the court ordered Daniels to pay an initial partial filing fee of $1.10. The court granted his motion to pay his initial partial filing fee out of his release account, and he paid the fee on June 22, 2018. The court will therefore grant his motion to proceed without prepaying the filing fee. Daniels does not have to pay the remainder of the filing fee in 18-CV-751.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or

laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Amended Complaint's Allegations*

Daniels is currently incarcerated at Waupun Correctional Institution. He takes Wellbutrin for chronic depression. He alleges that on April 12, 2018, he noticed that a "tremendous amount" of his medication (31 pills, it seems) was missing out of the blister pack. (ECF No. 12-1 at 2.) Seven days earlier, on April 5, 2018, 17 pills had been stolen. Daniels alleges he has absolutely no access to the medication. (*Id.*) He alleges that without his Wellbutrin he suffers with depression and that thoughts of taking his life "rule [his] mind and controls [his] every waking thought." (*Id.* at 3.) He alleges he cannot function without the medication. (*Id.*)

Daniels also alleges that Warden Brian Foster and Health Services Unit manager Crystal Marchant are and were aware of his medication being stolen. (*Id.* at 4.) (Daniels does have another lawsuit pending, 18-cv-452, about a prior alleged theft of his Wellbutrin.) Daniels alleges that neither Foster nor Marchant did anything to stop or

4

discourage this behavior "until [his] medication was again stolen on 4/12/18 for the 3rd time." (*Id.*)

*Analysis*

Daniels's complaint states a claim for deliberate indifference against the John and/or Jane Doe(s) who he alleges stole his medication. A plaintiff states a claim for deliberate indifference under the Eighth Amendment if he alleges that (1) the harm to the plaintiff was objectively serious and (2) the official was deliberately indifferent to his health or safety. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). When a deliberate indifference claim is based on a medication delay, it is not the delay itself that forms the basis of the harm necessary for the claim. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Instead, the harm must come from the consequences of not receiving the medication. *Id.* By alleging that unknown individual(s) stole his medication without regard to the consequences for his mental health, Daniels has alleged sufficient facts and may proceed on this claim.

Daniels's amended complaint also states a claim that Foster and Marchant violated his Eighth Amendment rights by failing to protect him. A claim alleging failure to protect requires a plaintiff to show that the defendants knew of a serious risk of harm to him and failed to take reasonable action to prevent that harm. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Daniels's complaint alleges that both Foster and Marchant knew about the previous incident of his medication being

5

stolen and did nothing to ensure it did not happen again (at least not until the third time it happened). This is sufficient state a claim against Foster and Marchant for failing to protect him.

Unlike his previous case (18-CV-452), Daniels will not need to engage in early limited scope discovery to find out the John/Jane Doe's name or names because there are named defendants. Once the defendants answer and the court issues a scheduling order, Daniels will be able to engage in discovery. As part of discovery, he will need to find out the names of the Doe defendant(s) and then file a motion to substitute them for the Doe placeholder(s).

## ORDER

**IT IS THEREFORE ORDERED** that case 18-CV-751 is **DISMISSED**.

**IT IS FURTHER ORDERED** that Daniels's motion to amend the complaint (ECF No. 12) is **GRANTED**.

**IT IS ALSO ORDERED** that Daniels's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that Daniels does not have to pay the remainder of the filing fee in case 18-CV-751.

**IT IS ALSO ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Daniels's complaint and

this order are being electronically sent today to the Wisconsin Department of Justice for service on Brian Foster and Crystal Marchant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Foster and Marchant shall file a responsive pleading within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties shall not engage in discovery until the court enters a scheduling order.

**IT IS ALSO ORDERED** that the agency having custody of Daniels shall collect from his institution trust account the **$348.90** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Daniels is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Daniels's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Daniels is confined.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, Daniels shall submit all correspondence and case filings to institution staff, who will scan and email documents to the court. If Daniels ceases to be incarcerated at a Prisoner E-Filing institution, he will be required to submit his filings to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Daniels is advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 26th day of November, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge